OPINION
Appellant Barbara Hall appeals the nine-month sentence imposed by the Stark County Court of Common Pleas following her plea of guilty to the fourth degree felony of corruption of a minor. The following facts give rise to this appeal. Between October 1, 1998, and January 31, 1999, appellant engaged in sexual conduct with a fifteen-year-old neighbor boy. At the time of this offense, appellant was twenty-six years old. On May 12, 1999, the Stark County Grand Jury indicted appellant for one count of corruption of a minor. Thereafter, appellant entered a guilty plea, to the charge contained in the indictment, on June 21, 1999. The trial court ordered a pre-sentence investigation. On July 26, 1999, the trial court conducted a sentencing hearing and sentenced appellant to a definite sentence of nine months. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration.
I. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION IS (SIC) SENTENCING DEFENDANT-APPELLANT TO SERVE NINE (9) MONTHS IN A STATE INSTITUTION FOR CONVICTION OF A FELONY FOUR.
 I
In her sole assignment of error, appellant maintains that under R.C. 2929.12(C), factors were present that were less serious than conduct normally constituting the offense and therefore, the trial court improperly sentenced her to prison as opposed to an available community control sanction. We disagree. A trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A); State v. O'Dell (1989), 45 Ohio St.3d 140. As a reviewing court, we will not disturb a trial court's decision as it pertains to sentencing unless we find an abuse of discretion. This connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It is based on this standard that we review appellant's assignment of error. R.C.2929.11 sets forth the overriding purposes of felony sentencing. This statute provides:
 (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
* * *
 (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenders.
R.C. 2929.13 provides guidance according to the degree of the felony. Section (B)(1) of this statute addresses fourth and fifth degree felonies. Under this section of the statute, a trial court is required to determine whether any of the following factors apply:
 (a) In committing the offense, the offender attempted to cause physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused psychical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
If the trial court finds one of the factors set forth above applicable, the court may mandate a prison sentence upon further findings pursuant to R.C. 2929.13(B)(2)(a). This section of the statute provides: If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
It is the trial court's analysis of the factors contained in R.C. 2929.12 that appellant challenges on appeal. The factors set forth in divisions (B) and (C) of R.C. 2929.12 relate to the seriousness of the conduct. The factors contained in divisions (D) and (E) of R.C. 2929.12 relate to the likelihood of the offender's recidivism. Appellant argues there existed factors, in section (C) of this statute, that support the conclusion that her conduct was less serious than conduct normally constituting the offense. These factors are as follows:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
At the sentencing hearing, the trial court first determined that appellant committed a sex offense under R.C.2929.13(B)(1)(f). The trial court then proceeded to consider the sentencing factors under R.C. 2929.12. The only factor the trial court found applicable under section (C), which addresses factors in determining whether the offender's conduct was less serious than conduct normally constituting the offense, was the fact that the victim may have facilitated the offense. Tr. at 10. Section (B) of R.C. 2929.12 addresses factors a trial court must consider in determining whether the offender's conduct was more serious than conduct normally constituting the offense. These factors are as follows:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
In considering these factors, the trial court noted that the victim in this case was fifteen years old at the time of the offense and appellant was twenty-six years old. Id. The trial court also found the offense was facilitated by appellant's relationship with the victim because they were neighbors. Id. In analyzing the factors under R.C. 2929.12, the trial court was not required to give its reasons for making its findings because R.C.2929.13(B)(2)(a) does not explicitly state that the trial court must give its reasons. It merely requires the trial court to consider the factors in R.C. 2929.12. See State v. Edmonson (1999), 86 Ohio St.3d 324. In concluding its analysis, the trial court found that a prison term was consistent with the purposes and principles of R.C. 2929.11 and that appellant was not amenable to a community control sanction. Tr. at 9-10. We note that the pre-sentence investigation recommended community control sanctions. Considering the statutes presumption against incarceration when sentencing fourth and fifth degree felonies, the trial court should strongly consider the recommendations contained in the pre-sentence investigation report and the factual information contained therein. However, we also acknowledge that it is ultimately the trial judge's sole responsibility to determine what is an appropriate sentence in each case. Accordingly, we conclude appellant has failed to establish that the record does not support the sentence by clear and convincing evidence. The trial court did not abuse its discretion when it sentenced appellant to nine months incarceration as opposed to community control sanctions. The record indicates the trial court properly considered the factors under R.C. 2929.12(C). Appellant's sole assignment of error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: WISE, J. FARMER, J., concurs. GWIN, P.J., dissents.